**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and ARTHUR H. BUNTE, JR., as Trustee, | ) ) ) ) | |
| | ) | Case No. 13-cv-9021 |
| *Plaintiffs,* | ) ) | |
| | ) | Judge |
| v. | ) ) | |
| | ) | Magistrate Judge |
| TERRA RESTORATION SERVICES, L.L.C., a Louisiana limited liability company, | ) ) | |
| | ) | |
| *Defendant.* | ) | |

**COMPLAINT**

Central States, Southeast and Southwest Areas Health and Welfare Fund ("the Fund") and Arthur H. Bunte, Jr., one of the Fund's present trustees, allege as follows:

**JURISDICTION AND VENUE**

1.     This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is a suit to recover employer contributions owed to the Fund by Defendant in accordance with applicable collective bargaining and trust fund agreements.

2.     This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.     Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Rosemont, Illinois.

Venue is also proper in this Court pursuant to the forum selection clause contained in the Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4. The Fund is an employee benefit plan and trust, with its principal and exclusive office located at 9377 West Higgins Road in Rosemont, Illinois.

5. The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Fund and paying the administrative expenses of the Fund.

6. Plaintiff Arthur H. Bunte, Jr. is a trustee and "fiduciary" of the Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Arthur H. Bunte, Jr. is authorized to bring this action on behalf of the Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7. Defendant Terra Restoration Services, L.L.C. ("Terra") is a company organized under the laws of the State of Louisiana. Terra is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

8.     The IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of Terra and employees of other employers in industries affecting interstate commerce.

9.     During all relevant times, the IBT and the Pipe Line Contractors Association have been parties to a collective bargaining agreement known as the National Pipe Line Agreement, to which Terra is a signatory. Pursuant to that agreement, Terra has been required to make contributions to the Fund on behalf of certain of its covered employees.

10.     Terra and the IBT are also parties to Participation Agreements which require Terra to pay contributions to the Fund.

11.     Terra agreed to be bound by the terms of the Fund's Trust Agreement and all rules and regulations promulgated by the Trustees under that Trust Agreement.

12.     Under the Trust Agreement, Terra was required to "remit continuing and prompt contributions to the [Fund] as required by the applicable collective bargaining agreement ..."

13.     The Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions and/or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late

payment as the Trustees determine and as are permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized rate of 7.5% (whichever is greater). Any judgment against an Employer for contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions. The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

14.     The Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Fund bills the employers for contributions.

## STATUTORY AUTHORITY

15.  Section 515 of ERISA, 29 U.S.C. § 1145, provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

16.  Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)  the unpaid contributions,

(B)  interest on the unpaid contributions,

(C)  an amount equal to the greater of--

   (i)  interest on the unpaid contributions, or

   (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)  such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## STATUTORY AND CONTRACTUAL VIOLATIONS

17.     Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18.     Pursuant to the Trust Agreement, the Fund is permitted to audit work history records of participating employers in order to verify the accuracy and completeness of the reported employee work history submitted as part of the self-reporting system.

19.     The Fund audited Terra's records to verify the accuracy and completeness of employee work history reported to the Fund by Terra during the period of January 1, 2011 through December 31, 2012.

20.     The audit revealed that Terra had failed to accurately report the work history of its covered employees.

21.     Terra breached the provisions of ERISA, the collective bargaining agreements, Participation Agreements and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Fund for the period of January 1, 2011 through December 31, 2012.

22.     Terra owes the Fund at least $26,611.70 (not including interest) for unpaid contributions for the period of January 1, 2011 through December 31, 2012, as a result of the conduct set forth in paragraph 21.

23.     Under the Trust Agreement, employers who fail to pay amounts revealed to be owed by an audit are required to pay all costs incurred in connection with the

audit.

**WHEREFORE**, Plaintiffs request the following relief:

(a)     A judgment against Defendant in favor of the Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Trust Agreement, for:

(i)     the unpaid contributions owed to the Fund by Defendant;

(ii)    interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

(iii)   an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions;

(iv)    attorney's fees and costs; and

(v)     audit fees and costs.

(b)     Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c)     For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Andrew J. Herink*

Andrew J. Herink   (ARDC No. 6303510)
Attorney for Plaintiffs
CENTRAL STATES FUNDS LAW DEPARTMENT
9377 W. Higgins Road
Rosemont, Illinois 60018
Telephone: (847) 939-2458
E-mail: aherink@centralstatesfunds.org

Date: December 18, 2013